UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN S. STINSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> W. J. SULLIVAN, Warden, ) <br> ) <br> Respondent. ) <br> ) | 1:07-CV-01311 LJO SMS HC <br><br> FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS <br><br> [Doc. #8] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections at the California Correctional Institution in Tehachapi, California. On August 10, 2007, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated August 14, 2007, the matter was transferred to the Eastern District and received in this Court.

On November 27, 2007, Respondent filed a motion to dismiss the petition for failure to state a claim. Petitioner filed an opposition to the motion on December 19, 2007. Respondent filed a reply to the opposition on December 26, 2007.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a failure to state a claim. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Failure to State a Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner was found guilty in a disciplinary proceeding of battery on an inmate.

He was assessed a 90-day loss of time credits. Petitioner does not challenge the disciplinary hearing itself. Rather, he claims prison staff caused the event giving rise to the disciplinary hearing "by knowingly placing him in a hostile environment, and refusing to move him" in violation of his constitutional rights. See Petition at 5. He complains that he was wrongfully "placed on a different yard wherein it wasn't laid back as it was on 'A' Yard" and where he was placed in a "cubicle with known drug addicts and trouble makers." Id. at 5. He complains that the facility is over-crowded resulting in the use of illegal triple racks in a confined area. See Opposition at 1. Respondent correctly argues that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

C.  Ripeness

Petitioner also claims the disciplinary proceeding will have dire consequences for his chances of parole when he comes before the parole board. Respondent asserts that this claim is not yet ripe for review.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985).  The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, (9th Cir.2000).  Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 200-01 (1983); Dames & Moore v. Regan, 453 U.S. 654, 689 (1981).  Ripeness is, thus, a question of timing.  Regional Rail Reorganization Act Cases, 419 U.S. 102, 139 (1974).

As stated above, Petitioner claims his disciplinary action will cause the parole board to deny him parole when he comes up for review.  This issue is not ripe for adjudication.  Petitioner has not yet been denied parole based on this disciplinary action. When the parole board meets, the

disciplinary hearing may or may not cause the board to deny parole. Thus, no case or controversy currently exists, and there is a real likelihood that Petitioner's claim will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49 (1967). Therefore, the Court must dismiss the petition because Petitioner's claim is not ripe for adjudication.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief. The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 11, 2008**                         /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE